1   ROBIN MEADOWS
    21566 Arbor Way
2   Boca Raton, FL, 33433
    (301) 300-7987
3
    SPECIALLY APPEARING DEFENDANT
4

**FILED**

FEB 0 7 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

8                       **UNITED STATES DISTRI**

9                            **CT COURT**

10              **EASTERN DISTRICT OF CALIFORNIA**

12   MARK AUSSIEKER,                        Case No.: 2:24-cv-00149-DJC-DB

13                      Plaintiff,          **SPECIALLY APPEARING DEFENDANT
                                            ROBIN MEADOW'S NOTICE OF MOTION**
14                         v.               **AND MOTION TO QUASH SUMMONS
                                            WITH COMPLAINT AND**
15   CONSULTME LLC, ET AL.,                 **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF MOTION**
16                      Defendants.
                                            Date:
17                                          Time:
                                            Courtroom:
18                                          Judge:
                                            Hon.
19

20

21                       **I.    NOTICE OF MOTION**

22        TO MARK AUSSIEKER ("PLAINTIFF"): PLEASE TAKE NOTICE that on _____,

23   at _____.m., or as soon after that as the matter can be heard, in Department 25 of the

24   above-entitled court located, located at ROBERT T. MATSUI, FEDERAL COURTHOUSE, 501 I

25   Street, Room 4-200, Sacramento, CA 95814.  DEFENDANT, ROBIN MEADOWS, ("Defendant

26   Meadows"), will and herein does move the Court for an order to quash the summons for the complaint

27   filed in the above stated action.

28

## II.    ISSUES TO BE DECIDED

1.    *DEFENDANT SEEKS TO QUASH SUMMONS ON COMPLAINT FOR PLAINTIFF'S FAILURE TO SERVE.*

Plaintiff's summons fails to set forth the proper address for Defendant and served by substitute service at an unknown address.  Consequently, there is no personal jurisdiction over DEFENDANT ROBIN MEADOWS, ("Defendant Meadows").  The court may dismiss a complaint for failure to comply with the service requirements of Federal Rule of Civil Procedure Rule 4

2.    *DEFENDANT SEEKS TO QUASH SUMMONS ON COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO ESTABLISH LEGAL CERTAINTY – THE AMOUNT IN CONTROVERSY IS FAR BELOW THE THRESHOLD REQUIRED TO ESTABLISH SUBJECT MATTER JURISDICTION.*

Plaintiff's complaint seeks damages in an amount that is below the $75,000.00 threshold limit against Defendant Meadows and no exception applies in that the TCPA would at that point be a State Court Claim.  Therefore, there is no subject matter jurisdiction.  Moreover, even if it survived to the initial stage of litigation the suit fails for lack of damages.  See, *Salcedo v. Hanna*, et al., Case No. 17-14077, 2019 U.S. App. LEXIS 25967 (11th Cir. Aug. 28, 2019), the Eleventh Circuit ruled that a single communication does not cause sufficient harm to sue in federal court.

## III.    MEMORANDUM OF POINTS AND AUTHORITIES

### A. Statement of Facts

It is difficult from the allegations set forth in Plaintiff's Complaint exactly what the facts are because the Complaint is very disjointed and vague as to specific facts and acts pertaining to the parties.  The Complaint merely sets forth legal conclusions and allegations that fail to specify exactly who, what, where, and how and is non-sensical.

Most importantly, as it pertains to Defendant Meadows, Plaintiff admits on the face of his Complaint that he called her to process his credit card payment for services. Therefore, Plaintiff's claim against Defendant Meadows would not ultimately survive.

Without being certain, it may appear that Plaintiff received a call offering debt consolidation services whereon Plaintiff agreed to undertake the service and allowed for the debt consolidation of $3,800. Thereafter, having buyer's remorse he sought a return of funds, which was immediately credited back to his account and there were no more exchanges between the parties; and, Plaintiff having suffered NO monetary damages. Plaintiff has further failed to establish he was on a '*do not call list*' and instead undertook services offered to him. Plaintiff thereafter filed this Complaint alleging he was on a do not call list.

### B. Legal Argument

A summons on a complaint is defective if on the complaint's face it does not establish personal and subject matter jurisdiction, and is therefore, subject to a motion to quash.

### 1. Failure to Serve Prevents the Court from Obtaining Personal Jurisdiction.

Plaintiff's summons fails in that it was not served upon Defendant Meadows and instead was served at an unknown address. Consequently, there is no personal jurisdiction over Defendant Meadows.

The court may dismiss a complaint for failure to comply with the service requirements of. Federal Rule of Civil Procedure Rule 4

### 2. Failure to Meet Damages Threshold Prevents the Court from Obtaining Subject Matter Jurisdiction

Subject-matter jurisdiction requires that an amount in controversy must be more than $75,000 pursuant to 28 U.S.C. § 1332, to meet the legal certainty requirement under to the '*Legal Certainty*' test.

1    A plaintiff generally satisfies the amount in-controversy requirement by pleading, in good

2  faith, an amount above the jurisdictional threshold. *Pachinger v. MGM Grand Hotel*, 802 F.2d 362,

3  363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the

4  pleadings."). However, in this instant case, the face of the complaint fails to state damages to meet

5  the threshold requirement as to Defendant Meadows.

6    **3.    *Jurisdiction Lacking***

7    Application of the "legal certainty" test provides that if it is "legally certain" that the recovery

8  (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less

9  than the jurisdictional floor the case may be dismissed given the amount in controversy as tested at

10  the time when the complaint is filed pursuant to the '*time-of filing*' rule. Sec, *Gardynski-Leschuck v.*

11  *Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir 1998) ("Unless the amount in controversy was present on

12  the date the case began, the suit must be dismissed for want of jurisdiction.").

13
14    **4.    *Plaintiff Fails to Meet the Burden of Proof to Establish Jurisdictional Requirement***

15    **– *Face of Complaint Does Not Meet Threshold Damages Amount Against Defendant Robins.***

16    The law is clear that once a defendant files a motion to quash that the plaintiff has the burden

17  of proving that the summons is valid. Once a defendant files a motion to quash the burden is on the

18  plaintiff to prove the validity of the summons and the court's jurisdiction over the defendant. *Bolkiah*

19  *v. Superior Court* (1999) 74 Cal.App.4th 984, 991.   A defendant is under no duty to respond to a

20  defective summons and may stand mute until a plaintiff makes a showing of the validity of the

21  summons to the satisfaction of the court. *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103.

22
23    Thus, Plaintiff now has the burden of showing that the purported summons and complaint on

24  Defendant is valid as the party who invoked federal jurisdiction. As is true with other jurisdictional

25  requirements, the burden of demonstrating that the amount in controversy is above the jurisdictional

26  threshold rests on the party asserting federal jurisdiction. *See,* Moore's Federal Practice ¶ 102.107[1]

27
28

Notice of Motion and Motion to Quash Summons                                    Page 4 of 7
Case Number: 2:24-cv-00149-DJC-DB

d

',

e

et

y

ss

at

v.

on

*ts*

en

he

*ah*

) a

he

)3,

on

nal

nal

1].

-

1       The defendant or the court on its own can challenge the sufficiency of the plaintiff's statement

2  of the jurisdictional amount. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.

3  1994) (citation and internal quotation omitted) ("A party invoking the jurisdiction of the federal court

4  has the burden of proving that it appears to a reasonable probability that the claim is in excess of the

5  statutory jurisdictional amount.").

### IV.   CONCLUSION

       Based on the above, Defendant Meadows' Motion to Quash Plaintiff's Summons on Complaint

must be granted and the matter against him dismissed in its entirety without leave to amend.

Respectfully Submitted,

Dated: 2 | 6 | 2 ᵘ |

_____

ROBIN MEADOWS
Specially Appearing Defendant