TIFFANY MULERO
FOR T&T TRUCK SERVICES LLC
21566 Arbor Way
Boca Raton, FL, 33433
(301) 300-7987
SPECIALLY APPEARING DEFENDANT

FILED

FEB 20 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK AUSSIEKER,

        Plaintiff,

v.

CONSULTME LLC,

        Defendants.

Case No.: 2:24-cv-00149-DJC-DB

**SPECIALLY APPEARING DEFENDANT TIFFANY MULERO FOR T&T TRUCK SERVICES LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUMMONS WITH COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

Date:
Time:
Courtroom:
Judge:
Hon.

## I. NOTICE OF MOTION

TO MARK AUSSIEKER ("PLAINTIFF"): PLEASE TAKE NOTICE that on 4/5/24, at 10 ____ .m., or as soon after that as the matter can be heard, in Department 25 of the above-entitled court located, located at ROBERT T. MATSUI, FEDERAL COURTHOUSE, 501 I Street, Room 4-200, Sacramento, CA 95814. DEFENDANT, TIFFANY MULERO FOR T&T TRUCK SERVICES LLC, ("Defendant"), will and herein does move the Court for an order to quash the summons for the complaint filed in the above stated action.

## II.   ISSUES TO BE DECIDED

1. *DEFENDANT SEEKS TO QUASH SUMMONS ON COMPLAINT FOR PLAINTIFF'S FAILURE TO SERVE.*

Plaintiff's summons fails to set forth the proper address for Defendant to an unknown address. Defendant was never served. Consequently, there is no personal jurisdiction over DEFENDANT whose address is on the Secretary of State directory. The court may dismiss a complaint for failure to comply with the service requirements of Federal Rule of Civil Procedure Rule 4

2. *DEFENDANT SEEKS TO QUASH SUMMONS ON COMPLAINT WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO ESTABLISH LEGAL CERTAINTY – THE AMOUNT IN CONTROVERSY IS FAR BELOW THE THRESHOLD REQUIRED TO ESTABLISH SUBJECT MATTER JURISDICTION.*

Plaintiff's complaint seeks damages in an amount that is below the $75,000.00 threshold limit against Defendant and no exception applies in that the TCPA would at that point be a State Court Claim. Therefore, there is no subject matter jurisdiction. Moreover, even if it survived to the initial stage of litigation the suit fails for lack of damages. See, *Salcedo v. Hanna*, et al., Case No. 17-14077, 2019 U.S. App. LEXIS 25967 (11th Cir. Aug. 28, 2019), the Eleventh Circuit ruled that a single communication does not cause sufficient harm to sue in federal court.

## III.   MEMORANDUM OF POINTS AND AUTHORITIES

### A. Statement of Facts

It appears that the TCPA is the cause of action; and, is difficult from the allegations set forth in Plaintiff's Complaint exactly what the facts are because the Complaint is very disjointed and vague as to specific facts and acts pertaining to the parties. The Complaint merely sets forth legal conclusions and allegations that fail to specify exactly who, what, where, and how and is non-sensical.

Most importantly, as it pertains to Defendant, Plaintiff admits on the face of his Complaint that Defendant only processed his credit card payment for services and in fact made no call to him. Therefore, Plaintiff's claim against Defendant would not ultimately survive.

Without being certain, it may appear that Plaintiff received a call offering debt consolidation services whereon Plaintiff agreed to undertake the service and allowed for the debt consolidation of $3,800. Thereafter, having buyer's remorse he sought a return of funds, which was immediately credited back to his account and there were no more exchanges between the parties; and, Plaintiff having suffered NO monetary damages. Plaintiff has further failed to establish he was on a '*do not call list*' and instead undertook services offered to him. Plaintiff thereafter filed this Complaint alleging he was on a do not call list though the services he agreed to undertake would waive that and he suffered no monetary nor other damages.

### B. Legal Argument

A summons on a complaint is defective if on the complaint's face it does not establish personal and subject matter jurisdiction, and is therefore, subject to a motion to quash.

*1.   Failure to Serve Prevents the Court from Obtaining Personal Jurisdiction.*

Plaintiff's summons fails in that it was not served upon Defendant at the LLC's Secretary of State Address and instead was served at an unknown address. Consequently, there is no personal jurisdiction over Defendant.

The court may dismiss a complaint for failure to comply with the service requirements of Federal Rule of Civil Procedure Rule 4.

\\\

\\\

\\\

**2. *Failure to Meet Damages Threshold Prevents the Court from Obtaining Subject Matter Jurisdiction***

Subject-matter jurisdiction requires that an amount in controversy must be more than $75,000 pursuant to 28 U.S.C. § 1332, to meet the legal certainty requirement under to the '*Legal Certainty*' test.

A plaintiff generally satisfies the amount in-controversy requirement by pleading, in good faith, an amount above the jurisdictional threshold. *Pachinger v. MGM Grand Hotel*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). However, in this instant case, the face of the complaint fails to state damages to meet the threshold requirement as to Defendant who merely processed a credit card payment and made no call to Plaintiff.

**3. *Jurisdiction Lacking***

Application of the "legal certainty" test provides that if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor the case may be dismissed given the amount in controversy as tested at the time when the complaint is filed pursuant to the '*time-of filing*' rule. See, *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir 1998) ("Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction.").

**4. *Plaintiff Fails to Meet the Burden of Proof to Establish Jurisdictional Requirements – Face of Complaint Does Not Meet Threshold Damages Amount Against Defendant.***

The law is clear that once a defendant files a motion to quash that the plaintiff has the burden of proving that the summons is valid. Once a defendant files a motion to quash the burden is on the plaintiff to prove the validity of the summons and the court's jurisdiction over the defendant. *Bolkiah v. Superior Court* (1999) 74 Cal.App.4th 984, 991. A defendant is under no duty to respond to a

defective summons and may stand mute until a plaintiff makes a showing of the validity of the summons to the satisfaction of the court. *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103,

Thus, Plaintiff now has the burden of showing that the purported summons and complaint on Defendant is valid as the party who invoked federal jurisdiction. As is true with other jurisdictional requirements, the burden of demonstrating that the amount in controversy is above the jurisdictional threshold rests on the party asserting federal jurisdiction. *See*, Moore's Federal Practice ¶ 102.107[1].

The defendant or the court on its own can challenge the sufficiency of the plaintiff's statement of the jurisdictional amount. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (citation and internal quotation omitted) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.").

## IV.   CONCLUSION

Based on the above, Defendant's Motion to Quash Plaintiff's Summons on Complaint must be granted and the matter against him dismissed in its entirety without leave to amend.

Dated: 2/20/2024

Respectfully Submitted,

TIFFANY MULERO FOR
T&T TRUCK SERVICES LLC
Specially Appearing Defendant


# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, <br><br> Plaintiff, <br><br> v. <br><br> CONSULTME LLC, ET AL, <br><br> Defendants. | Case No.: 2:24-cv-00149-DJC-DB <br><br> [PROPOSED] **ORDER GRANTING SPECIALLY APPEARING DEFENDANT TIFFANY MULERO FOR T&T TRUCK SERVICES LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUMMONS WITH COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** <br> Date: <br> Time: <br> Courtroom: <br> Judge: <br> Hon. |

Considering the papers and arguments, and finding good cause, the Motion to Quash Summons on Complaint against DEFENDANT T&T TRUCK SERVICES LLS is GRANTED.

IT IS SO ORDERED.

Date:_____

_____
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: _____.

On _____ I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION TO QUASH SUMMONS ON COMPLAINT** to the following parties:

MARK AUSSIEKER
8830 Olive Ranch Lane
Fair Oaks, CA 95628

[ ] (By U.S. Mail) I deposited such envelope in the mail at _____, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _____     _____

DECLARANT